UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANGEL MARTINEZ DOMINGUEZ, | |
| Petitioner, | Case No. C20-1486-BHS-MAT |
| v. | REPORT AND RECOMMENDATION |
| BRYAN S WILCOX, et al., | |
| Respondents. | |

Angel Martinez Dominguez, who is proceeding through counsel, seeks release from immigration detention in this 28 U.S.C. § 2241 habeas action. He maintains he is entitled to release because there is no significant likelihood that he will be removed in the reasonably foreseeable future, and therefore his continued detention violates his due process rights. Dkt. 1, at 4. Mr. Martinez Dominguez also argues that, alternatively, he is entitled to a bond hearing. *Id.*, at 6.

The Government has filed a return arguing that Mr. Martinez Dominguez is lawfully detained, that he has already been afforded a bond hearing pursuant to *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020), and that he is not entitled to a further bond hearing. Dkt. 4. Mr. Martinez Dominguez filed a traverse in which he raises additional issues and arguments for the first time. Dkt. 6, 7. The Government has filed a reply. Dkt. 8. As discussed below, the Court

REPORT AND RECOMMENDATION - 1

recommends that Mr. Martinez Dominguez's habeas petition (Dkt. 1) be **DENIED** and the action be **DISMISSED**.

# BACKGROUND

**A.     Immigration History and Proceedings**

Mr. Martinez Dominguez is a national and citizen of Mexico. Dkt. 5-3, Miranda Decl., at ¶ 3. In December 2010, Mr. Martinez Dominguez first came to the attention of ICE officers following an arrest for driving under the influence of intoxicants ("DUI"). Dkt. 5-3, Miranda Decl., at ¶ 4; Dkt. 5-2, Government's "Exhibit 1" at 16. ICE took Mr. Martinez Dominguez into custody and on December 22, 2010, issued him a Notice to Appear ("NTA") charging him with removability under 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General. Dkt. 5-3, at ¶ 5; Dkt. 5-2, at 12-13. On January 18, 2011, Mr. Martinez Dominguez was released on bond. Dkt. 5-3, at ¶ 6. On May 4, 2011, before the Immigration Judge, Mr. Martinez Dominguez admitted and conceded the charges of removability. *Id.*, at ¶ 7. He then filed applications for immigration remedies. *Id.*

On February 12, 2013, the Immigration Judge denied all immigration remedies, except for Mr. Martinez Dominguez's request for post-conclusion voluntary departure. *Id.*, at ¶ 8; Dkt. 5-2, at 13, 29-31. He appealed and on July 22, 2014, the Board of Immigration Appeals (BIA) dismissed the appeal. Dkt. 5-3, at ¶ 9; Dkt. 5-2, at 8-11. On August 19, 2014, Mr. Martinez Dominguez filed a petition for review in the United States Court of Appeals for the Ninth Circuit challenging the BIA's decision. Dkt. 5-3, at ¶ 10. On October 23, 2014, the Ninth Circuit granted Mr. Martinez Dominguez a stay of removal. Dkt. 5-3, at ¶ 10. On May 23, 2019, the Ninth Circuit denied in part and dismissed in part the petition for review; the mandate issued on July 15, 2019. *Id.*, at ¶ 11.

On August 22, 2019, ICE took Mr. Martinez Dominguez into custody for removal. *Id.*, at ¶ 12. On August 26, 2019, Mr. Martinez Dominguez filed a motion to reopen his proceedings with the BIA. *Id.*, at ¶ 13; Dkt. 5-2, at 3. Mr. Martinez Dominguez also requested an emergency stay of removal which the BIA granted. Dkt. 5-3, at ¶ 13. On January 24, 2020, the BIA denied the motion to reopen. *Id.*, at ¶ 14; Dkt. 5-2, at 3, 3-5. On January 31, 2020, Mr. Martinez Dominguez filed a petition for review with the Ninth Circuit Court of Appeals challenging the BIA's denial of his motion to reopen. Dkt. 5-3, at ¶ 15-16. Mr. Martinez Dominguez also requested a stay through the pendency of the proceedings. *Id.* The Government filed a notice of non-opposition to the stay. *Martinez Dominguez v. Barr*, No. 20-70293, Dkt. 8.

On March 27, 2020, the Ninth Circuit issued an order regarding Mr. Martinez Dominguez's request for a stay stating: "Respondent has filed a statement of non-opposition to the motion to stay removal pending review. Pursuant to Ninth Circuit General Order 6.4(c), the temporary stay of removal continues in effect until issuance of the mandate or further order of the court." *Martinez Dominguez v. Barr*, No. 20-70293, Dkt. 9. On March 30, 2020, the Attorney General filed an unopposed motion to stay the case pending resolution of the *en banc* proceedings in *Lorenzo Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019) (Docket No. 15-72406). *Id.*, Dkt. 10. On April 8, 2020, the Ninth Circuit granted the Attorney General's unopposed motion and stayed proceedings until "issuance of the mandate in *Lorenzo Lopez v. Barr*, No. 15-72406, or until further order of the court." *Id.*, Dkt. 11. The order further directed respondent to file a status report every 90 days while *Lorenzo Lopez*, remains pending. *Id.* As set forth in respondent's status reports in that case, on June 8, 2020, the Ninth Circuit deferred the *en banc* proceedings in *Lorenzo Lopez*, pending issuance of an opinion by the Supreme Court in *Niz-Chavez v. Barr*, No. 19-863. *Id.*, Dkts. 12, 13, 17; *Lorenzo Lopez*, No. 15-72406, Dkt. 134. On November 9, 2020, the Supreme Court held oral

argument in *Niz-Chavez v. Barr*, No. 19-863, and the case is currently pending issuance of a decision. *Id.*, Dkt. 17.

**B.     Bond Hearing**

On March 3, 2020, the Immigration Judge held a bond hearing under *Aleman Gonzalez v. Barr*, 955 F.3d 762 (9th Cir. 2020). Dkt. 5-3, at ¶ 17. Mr. Martinez Dominguez was represented by counsel at the hearing. *Id.* Following the hearing, the IJ denied bond based on the finding that Mr. Martinez Dominguez presented a flight risk. *Id.* Based on the record before the Court, it appears that Mr. Martinez Dominguez did not appeal this determination. *Id.* On April 17, 2020, ICE performed a Post Order Custody Review ("POCR") and issued a Decision to Continue Detention. *Id.*, at ¶ 19. On September 2, 2020, ICE conducted another POCR and issued a Decision to Continue Detention. *Id.*, at ¶ 20.

## DISCUSSION

**A.     Mr. Martinez Dominguez's detention is statutorily authorized**

Title 8 U.S.C. § 1231 governs the detention and release of noncitizens, such as petitioner, who have been ordered removed. Under § 1231(a), DHS[1] is required to detain a noncitizen during the 90-day "removal period." 8 U.S.C. §§ 1231(a)(2), (a)(1)(B). The removal period begins on the latest of: (i) the date the order of removal becomes administratively final; (ii) the date of the court's final order if the removal order is judicially reviewed and if the court orders a stay of the removal; or (iii) the date the alien is released from detention or confinement, except under an immigration process. 8 U.S.C. § 1231(a)(1)(B). In this case, the removal period began on the date the Ninth

---

[1] Although the relevant statutory sections refer to the Attorney General, the Homeland Security Act of 2002, Pub. L. No. 107-296 § 471, 116 Stat. 2135 (2002), transferred most immigration law enforcement functions from the Department of Justice ("DOJ") to DHS, while the DOJ's Executive Office for Immigration Review retained its role in administering immigration courts and the Board of Immigration Appeals. *See Hernandez v. Ashcroft*, 345 F.3d 824, 828 n.2 (9th Cir. 2003).

Circuit adjudicated and denied petitioner's petition for review of the BIA's dismissal of his appeal of his removal order. *See* 8 U.S.C. § 1231(a)(2)(B)(ii).[2] After the removal period expires, DHS has the discretionary authority to continue to detain certain noncitizens, including those who are inadmissible under § 1182. 8 U.S.C. § 1231(a)(6). Because petitioner is inadmissible under § 1182, his continued detention comports with the statute.

Although § 1231(a)(6) authorizes ICE to detain petitioner, it cannot do so indefinitely. In *Zadvydas v. Davis*, the Supreme Court held that § 1231(a)(6) implicitly limits a noncitizen's detention to a period reasonably necessary to bring about that individual's removal from the United States and does not permit "indefinite" detention. *Zadvydas*, 533 U.S. 678, 701 (2001). The Supreme Court also determined that it is "presumptively reasonable" for DHS to detain a noncitizen for six months following entry of a final removal order while it works to remove the individual from the United States. *Id.* "After this 6-month period, once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If the Government fails to rebut the noncitizen's showing, the noncitizen is entitled to habeas relief. *Id.*

---

[2] The Court notes that the petition currently pending before the Ninth Circuit is petitioner's challenge to the BIA's decision denying his motion to reopen proceedings, not a challenge to petitioner's removal order. The Ninth Circuit has held that collateral challenges seeking review of a denial of a motion to reopen, rather than the removal order itself, do not operate to delay the beginning of the removal period under Section 1231(a). *Diouf v. Mukasey*, 542 F.3d 1222, 1230 (9th Cir. 2008) (citing *Prieto-Romero v. Clark*, 534 F.3d 1053, 1060 n.6 (9th Cir. 2008) ("entry of a stay of removal for any ... reason [other than review of a removal order]—for example, a stay entered while a court reviews an alien's § 2241 habeas petition or *petition for review of the BIA's denial of a motion to reopen* – does not prevent the removal period from beginning.") (emphasis added)). Accordingly, the temporary stay ordered by the Ninth Circuit in connection with the petition seeking review of the BIA's decision to deny petitioner's motion to reopen did not prevent the removal period from beginning. The Court notes that the parties appear to agree that, at this point, petitioner is detained under 8 U.S.C. § 1231(a)(6). Dkts. 1, 5, 6, at 4.

REPORT AND RECOMMENDATION - 5

The six-month presumption "does not mean that every [noncitizen] not removed must be released after six months. To the contrary, [a noncitizen] may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* Nevertheless, courts must remember that "as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Mr. Martinez Dominguez argues that there is no significant likelihood of removal in the reasonably foreseeable future because he is in the process of seeking judicial review of the BIA's denial of his motion to reopen and those proceedings are stayed pending the Ninth Circuit's rehearing *en banc* of *Lorenzo Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019) (Docket No. 15-72406), which, in turn has been deferred pending the Supreme Court's decision in *Niz-Chavez v. Barr*, No. 19-863. *See* Dkts. 1, 6. There is no dispute that the six-month presumptively reasonable period expired several months ago. However, petitioner has not provided good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. The Ninth Circuit has explained that detention becomes indefinite if, for example, the country designated in the removal order refuses to accept the noncitizen, or if removal is barred by the laws of this country. *Diouf v. Mukasey* ("*Diouf I*"), 542 F.3d 1222, 1233 (9th Cir. 2008). In this case, there is no evidence that petitioner's removal is barred by U.S. law or by the laws of his country. And there is no indication in the record that the Government will be unable to remove petitioner if he loses his legal challenge to the denial of his motion to reopen. Further, while petitioner's petition challenging the denial of his motion to reopen remains pending in the Ninth Circuit at this time, there is no reason to believe a decision will not be issued in the case in the reasonably foreseeable future. As noted above, oral

argument in the Supreme Court case, *Niz-Chavez v. Barr*, No. 19-863, took place in November 2020, and a decision is pending.

Accordingly, because petitioner's removal is not indefinite, he is not entitled to release.

**B.    Bond Hearing**

Mr. Martinez Dominguez also argues that, alternatively, he is entitled to another bond hearing. In *Diouf v. Napolitano* ("*Diouf II*"), 634 F.3d 1081 (9th Cir. 2011), the Ninth Circuit held that "an individual facing prolonged immigration detention under 8 U.S.C. § 1231(a)(6) is entitled to release on bond unless the government establishes that he is a flight risk or a danger to the community." *Id.*, at 1082. Specifically, the court held that the government must provide a custody hearing before an IJ to noncitizens who are denied release in their six-month DHS custody reviews and whose release or removal is not imminent. *Id.*, at 1091-92 ("When detention crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound. Furthermore, the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decisionmaker is substantial."); *see also id.*, at 1092 n.13 ("As a general matter, detention is prolonged when it has lasted six months and is expected to continue more than minimally beyond six months."); *see also Aleman Gonzalez v. Barr*, 955 F.3d 762, 765-66 (9th Cir. 2020) (reaffirming *Diouf II*'s holding). The Court of Appeals for the Ninth Circuit has held in cases in which § 1231 applies, a petitioner who has had a bond hearing before the IJ is not entitled to "periodic" or additional bond hearings under the statute. *Flores Tejada v. Godfrey*, 954 F.3d 1245, 1250 (9th Cir. 2020).

As noted above, DHS provided petitioner with an *Aleman* bond hearing on March 3, 2020, at which the IJ determined he was a flight risk and denied bond. *Aleman*, 955 F.3d at 765-66. Petitioner fails to demonstrate he is entitled to another bond hearing solely because he continues

REPORT AND RECOMMENDATION - 7

to be detained. As noted above, although his petition for review of the denial of his motion to reopen has been pending for some time, there is no reason to believe a decision will not be issued in that case in the reasonably foreseeable future nor has petitioner provided good reason to otherwise believe there is no significant likelihood of removal in the reasonably foreseeable future.

In his traverse, petitioner argues for the first time that the IJ's March 2020 decision denying him bond is legally and constitutionally defective because there was insufficient evidence in the record to satisfy the clear and convincing evidence standard to support the IJ's conclusion that petitioner is not a flight risk. Dkt. 6, at 4. Although the Court has jurisdiction to review custody hearing determinations for constitutional claims and legal error, *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011), this issue was not clearly presented as such a challenge in petitioner's habeas petition.[3][4] In addition, the Ninth Circuit has held that the proper procedure to challenge an IJ's bond determination is to appeal to the BIA, wait for the BIA to render its decision, and then file a habeas petition in the district court. *Leonardo v. Crawford*, 646 F.3d 1157, 1159-61 (9th Cir. 2011). Although the exhaustion requirement is prudential and may be waived, *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007), petitioner offers no argument or explanation as to why waiver is appropriate here. Accordingly, the Court declines to address petitioner's apparent constitutional challenge to the IJ's denial of bond at the *Aleman* bond hearing raised for the first time in his traverse. *See, e.g., Guzman-Santana v. Ashcroft*, 96 Fed. App'x 493, 494 (9th Cir. 2004) (declining to address immigration detainee's claim raised for the first time in his § 2241 traverse) (citing *Cacoperdo v. Demosthenes*, 37 F.3d 504, 507 (9th Cir. 1994)).

---

[3] Because this issue was not clearly raised in the petition, the Government did not address it in its return. *See* Dkt. 5.

[4] The Court also notes that it does not have jurisdiction to review an IJ's discretionary judgment. *See* 8 U.S.C. § 1226(e).

REPORT AND RECOMMENDATION - 8

The Court notes that petitioner also argues for the first time in his traverse that the Court should apply the multifactor test set forth in *Martinez v. Clark*, in assessing whether petitioner should receive a second bond hearing or be released. *Martinez v. Clark*, No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *4 (W.D. Wash. May 23, 2019), *report and recommendation adopted*, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019). But *Martinez*, and the multifactor test set forth therein, addressed the issue of when due process requires a bond hearing for noncitizens subject to mandatory detention under § 1226(c), not when they are detained pursuant to § 1231(a)(6), as petitioner is here. *Id.*

Accordingly, the Court should deny petitioner's alternative request for another bond hearing.

**C.    Petitioner's Health and Conditions of Confinement**

Petitioner also asserts that he is suffering from lower abdominal pain caused by an inguinal hernia as well as hydrocele (swelling of the scrotum). Dkt. 1, at 4-5. He indicates he was planning to seek further treatment for these conditions but could not do so prior to his detention. *Id.* He claims that in detention "he continues to suffer abdominal pain and painful urination and has experienced a severe allergic reaction in detention resulting in hives all over his body. *Id.* The petition also generally asserts that "we are in the midst of a global pandemic" and "it is not reasonably possible for petitioner to practice effective social distancing at the Northwest Detention Center [now the Northwest ICE Processing Center ("NWIPC")]." *Id.* Based upon petitioner's briefing, it does not appear that petitioner intends to raise these issues as separate claims for relief. Dkts. 1, 6, at 9-10. However, to the extent he does intend to raise these issues as separate claims, he would not be entitled to relief on this record.

REPORT AND RECOMMENDATION - 9

To evaluate the constitutionality of a civil detention condition under the Fifth Amendment, a district court must determine whether those conditions "amount to punishment of the detainee." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also Kingsley v. Hendrickson*, 576 U.S. 389, 135 S. Ct. 2466, 2473-74 (2015). Punishment may be shown through an express intent to punish or a restriction or condition that "is not reasonably related to a legitimate governmental objective." *Bell*, 441 U.S. at 539; *see also Kingsley*, 135 S. Ct. at 2473-74 (clarifying that "a pretrial detainee can prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose").

The Supreme Court has recognized legitimate government interests in ensuring that noncitizens appear for their removal or deportation proceedings and protecting the community from harm. *See Jennings v. Rodriguez*, 138 S. Ct. 830, 836 (2018); *Demore v. Kim*, 538 U.S. 510, 520-22 (2003); *Zadvydas*, 533 U.S. at 690-91. To the extent petitioner intends to present these arguments as separate claims, and even assuming without deciding that it would be appropriate to raise these claims in a § 2241 habeas petition, he would not be entitled to relief on this record because he fails to establish an express intent to punish or that the conditions of his detention are excessive in relation to these legitimate objectives. Although petitioner indicates generally in the petition that his hernia continues to be painful, he offers no medical evidence regarding the current status of his condition, nor does he allege that his medical condition is not being addressed at the facility. Nor has petitioner presented any specific allegations or evidence regarding the conditions at NWIPC, or that he has been diagnosed with any condition that places him at higher risk for serious illness should he contract COVID-19 such that the risk he faces of serious illness or death exceeds the inherent discomforts of confinement and is excessive in relation to a legitimate

governmental interest.

Given that petitioner has not offered any specific information or medical evidence regarding the current status of his hernia, has provided no specific allegations or evidence that the facility has failed to adequately address the condition, and has not alleged or offered evidence regarding the conditions at NWIPC or that he is at higher risk for serious illness or death from COVID-19, he fails to show he is detained under conditions that amount to punishment in violation of his Fifth Amendment rights. *See Ortiz v. Barr*, No. C20-497-RSM-BAT, 2020 WL 5913412, at *6 (W.D. Wash. Aug. 20, 2020), *report and recommendation adopted*, No. C20-497-RSM-BAT, 2020 WL 5909979 (W.D. Wash. Oct. 6, 2020) (finding that because petitioner had not shown he was at higher risk for serious illness or death from COVID-19, he had not shown he was detained under conditions that amount to punishment in violation of his Fifth Amendment rights); *Moturi v. Asher*, No. C19-2023-RSM-BAT, 2020 WL 2084915, at *4 - *5 (W.D. Wash. Apr. 30, 2020) (finding that the petitioner failed to establish a likelihood of success on the merits of his punitive conditions of confinement claim because his medical history did not put him at risk for serious illness or death from COVID-19).

A civil detainee may also show a Fifth Amendment violation where the government fails to provide for his or her reasonable safety. *See Pimentel-Estrada v. Barr*, 538 F. Supp. 3d 510, 2020 WL 2092430, at *11 (W.D. Wash. Apr. 28, 2020). Reasonable safety claims are analyzed under an objective deliberate indifferent test. *See id.* (citing, *inter alia*, *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). To the extent petitioner intends to raise such a claim he would not be entitled to relief based upon this record because he has not offered any facts to show objective deliberate indifference, or that he is at high risk of serious illness or death if he should contract COVID-19.

REPORT AND RECOMMENDATION - 11

## CONCLUSION

The Court recommends the habeas petition (Dkt. 1) be DENIED and the action be DISMISSED. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 26, 2021**.

Dated this 11th day of February, 2021.

Mary Alice Theiler
United States Magistrate Judge